This last case, the review standard is the Noble Review. This is a dismissal under 12b-6. Basically the question is whether plaintiffs have alleged sufficient factual matter to state a claim that is plausible on its face. Can we start with exactly which claim we're talking about? Your original complaint contained some John Doe claims for use of excessive force, claims of that sort, as well as supervisory liability and failure to train claims. Yes. Both of those sets of claims were dismissed. As I read your brief on appeal, the only thing that you're appealing to us is the dismissal of the supervisory liability claims. No, Your Honor. Not really. Well, can you point to something in your brief that says that? Yes, Your Honor. All of your briefing seems addressed to that. Well, the issue that we presented to this Honorable Court, as we stated in the statement of the issues, is that the District Court failed to properly construe plaintiffs' factual allegations. In particular, failed to give proper evidentiary value to the USDA's report, dated September 5. What we are saying is that the whole... I make reference to the facts as we allege in the amended complaint. The amended complaint has different causes of action, and every time that we present a cause of action, we reallege all the paragraphs that we have stated before. It's not something that you can bite... You didn't listen to my question. Yes. I said the only law that's mentioned in your brief are cases as to what is necessary to plead a cause of action for supervisory liability. There are no cases in your brief as to what is necessary to plead a John Doe claim for excessive force, or indeed for anything else. The main thrust is the supervisory liability. However, in our brief, we make references to the other items, particularly the fact that the plaintiffs were denied the opportunity to present their claims, the access to justice, the right to petition. The whole scenario that we present here is that the supervisory issue is a matter that we understand is fairly clear. We have allegations against Pesquera. Why do we have this allegation about Pesquera? He was the superintendent. We have cases from Judge Garcia-Gregory that supports our position because Pesquera enters in and he adopts the policies and practices that are the basis for the U.S. DOJ report. The claims against Somoza and Sanchez as supervisors in charge of the Special Investigation Bureau is because they are part of this whole thing. They are in charge of investigating police abuses. The whole system is not working. What we're saying is, just like the police pattern of abuses continues, the fact that the SID policies that are supposed to handle these types of problems is also improper and does not resolve the problem is one whole thing. If you take a look at the… Excuse me, before you leave that, what about the other defendants? You also make claims, for example, against the mayor? Yes. I couldn't find anything in your brief explaining why the mayor, even on the supervisory liability on this complaint, should be held liable. The thing is that the information that we received was that there were police officers and we understand that there were municipal officers involved that night. The shooting occurred in front of the municipal offices. At that time, we did not know who was the person that had shot my client. I understand that. But that doesn't answer my question, which is, what does the mayor have to do with any of this? If there were municipal officers involved, he is the person in charge of supervising, training, and adequately taking care of his people. At the time that we filed the complaint, we did not know the identity of the person that shot my client. Do you know the identity now? Yes, we do. What happened here, Your Honor, is that... Excuse me. Yes. At some point, I would like you to tell me, as I understand it, your Fourth Amendment claims were dismissed without prejudice. Am I correct? Not as to the supervisory defendants. Well, against Delgado and the unnamed police officers, which thou are able to name. Yes. So you... At this point, you could file a Fourth Amendment complaint against alleged basically the same facts. Against those people, yes. Would that be sufficient? I don't think so. Why? Well, I think that what the USDOJ has done in Puerto Rico, filing the case against the Commonwealth and the police of Puerto Rico, shows the nature of the problem that we have in Puerto Rico. That complaint would have not been instituted if there had not been cases like this one, where individuals who have been abused by the police come to the courts and say, I have been abused. The problem that we have is that the standards that are being drawn, most of the time, eliminate the responsibility of the persons that are in the positions of the superintendent. Yes, but that's got nothing to do with the John Doe claims. Judge Torrella has asked you, in addition to the fact that I don't think you've developed those claims in your brief, you can simply, now that you know who the John Doe's are, you can simply institute a new action and sue them for excessive force or whatever other Fourth Amendment or Fifth Amendment violations there may be. Isn't that correct? That is correct. All right. So is there any need for us to get into those claims on this appeal? No. Okay. Going back to the thing, it is a matter of really access to you, access to the district court, so that these type of cases come to light. The particular things that happen here are very, very strange. I have alleged that we received a police report. The police report says that during that night, other people, other policemen were shooting at different people. The information that I have for my client is that they were riding four-by-fours, these motorcycles that make a lot of noise. Sometimes they have back explosions. A person that is not trained will hear that and think that they are being shot at. There were shots against people in this four-by-fours, not my client, other people. The police were shooting at other people. I did not see anything of that in the news. The only thing that I saw was that my client was shot. That's the only thing that I saw in the news. So I see not just that my client was shot at, but that there's people, there are police officers out there and possibly municipal officers that are shooting at people, and they are not being held responsible. So I think it's my duty as an attorney for people like this to come before you and tell you, I think we have to go higher, because the only way that pressure is going to be put on the people underneath are from the superintendent, are from the secretary of justice. The problem that we have is that these people are there for one or two years, and the system remains the same. The people that are going to make a career in the police are going to be there. Right now, our understanding is that the man that shot my client is still in the force and is going to be promoted to be a lieutenant. Okay? So I think that we need to go higher. I have to go higher to get responsibility from the superintendent, the secretary of justice. Why? Because they are the ones that can put pressure on the people that they are supervising. If I put pressure on the people, I'm going to be leaving in one or two years. I'm just going to be a secretary of justice. We're going to be a superintendent. I understand the theoretical basis for what you're saying, but that's not the issue before us. Okay. This court recognized many years ago that there is a cause of action for supervisory liability. Okay. The question before us is that Judge Gelpin, at least, says that your complaint, even considering the DOJ report, did not make sufficient allegations to make a claim for supervisory liability, in this case, plausible. And so far, you haven't said anything about that. Well, the factual scenario that we are adopting is the one that is presented in the U.S. DOJ report. And what we're saying is that these persons adopted the policies that lead to the constitutional violations in Puerto Rico. Thank you. Good morning. Susana Peña-Yarican on behalf of Supervisory and Investigatory Defendants. I would like to first address Judge Salia's question regarding Investigatory Defendants Orozco Arroza. Certainly, the brief on appeal is silent as to these two Investigatory Defendants. And also, besides the fact that it's silent about it, the allegations against them are based on the handling of the investigation and the alleged failure to prosecute, which are, after the fact, events, which do not bring a constitutional, do not comprise a constitutional violation. Speaking of silence, how long did the government know the name of the person who actually did the shooting before they informed the plaintiff? I don't have an answer. I do know that it was provided to plaintiffs on August 18th of 2014 before the complaint was dismissed. And also – Well, isn't it relevant to know how long the government had it and kept it when they're complaining about the – even though I know the rule about evidence discovered? It might be relevant to bring the cause of action against that culprit. However, it doesn't bring a 1983 cause of action. It is our contention it is an after-the-fact issue. And this court, as you had stated, that even allegations of inadequate procedure are beside the point. That might be an issue for maybe a local or supplemental claim, but it's not a 1983 cause of action. Well, I beg to differ. It seems to me we're not talking about inadequate procedure here. On that aspect, my impression is that what is being alleged here is that there was in motion for some period of time a conspiracy to cover up a civil rights violation. And that, I think, is actionable under the civil rights laws. Your Honor, the conspiracy claim was abandoned. It's not before the court. And my contention is that during an investigation, that kind of information is not supposed to be coming out. Once the investigation is concluded, then that type of information can come out. However, Plaintiff does know the information, does have the information. He stated so in his reconsideration. Well, is there any reason why the court can't be told when it was discovered who actually did the shooting? Sorry, I don't understand the question. Is there any reason why you cannot inform the court when your clients knew who actually did the shooting? Well, that issue never came to the court. Well, I'm raising it now. I'd like to know. Well, if it's an ongoing investigation, it's not supposed to, Your Honor. However, the information was provided to the Plaintiff. Plaintiff stated so in his reconsideration. Maybe I didn't make myself clear. You told them on August 20th of 2014. August 18th. 18th, I had 20. It's okay. It's a couple of days. I want to know how long before that you had the name of the... I don't have the answer to that question. This is a pleading stage. We would have to take the allegations as true. And so my contention is that there is no proper claim before this court for a failure to investigate or prosecute, which would be culpable under Section 1983. And our contention would also be, which is the only claim properly before this court, would be that there is no factual content aside from a generic allegation of a report that was issued prior to Pesquera's tenure and prior to the relevant facts. There's no factual content connecting Pesquera or any supervisory defendant. But this allegation, you know, your position is troubling me, right? Plausibility is supposed to be a realistic, real-world standard, not a technical standard. So we have a complaint that alleges that a citizen who is minding his own business, doing nothing wrong, is shot by a police officer without any reason. That his vehicle is then seized by the police, also without reason, taken from him and not returned. That he is denied, for a long time at least, any information about who the shooter is. And that this is all done by a police department that has a pattern and practice of inadequate training in breaking the rules as is documented by a US Department of Justice report. I'm struggling with the notion of why that's not a plausible Section 1983 supervisory liability claim. Your Honor, for various reasons, as I stated before, the 2011 report is against the police department as an institution. It's not against individual supervisory defendants. No, no, but let's talk about Pescara. He's the boss. He's the head of the police department. If anyone is responsible for training, it's Pescara. Yeah, but Your Honor, the only thing he's bringing to tie Pescara into a supervisory liability claim is a report. No, no, he's bringing more than that. He's bringing an incident that he describes in adequate detail. That any person with half a brain would think would not happen in a well-trained police department. And then he's saying, and there's a pattern and practice of inadequate training here. And what he's trying to do is make allegations sufficient to get him past the motion to dismiss so he can do some discovery and get behind the stonewalling that he thinks is occurring at the hands of the police. And I'm not saying he's got a good cause of action or a bad cause of action in the long run. What I'm saying is that I struggle with the notion of why that's not sufficiently plausible to get by a Rule 12b-6 motion under Iqbal and Twombly. I would have to direct the Court's attention to the pleadings. Specifically, paragraphs 26, 29, and 30 of the complaint, which allege, make allegations of negligence alone. And that it's not sufficient to provide for a Section 1983 cause of action. As to the other allegations of supervisory liability, I direct the Court's attention to paragraphs 34, 35, 94, 95, and 97. Those paragraphs impute liability against all defendants alike, applicable to all defendants alike, despite the fact that they're not on equal footing. He makes no specific allegations as to who did what to who, but why. You cannot make general allegations and impute them to all defendants alike as if they were reliable under the same responsibility. How is a plaintiff supposed to know exactly if a plaintiff has a situation where the facts indicate quite plainly that there is a failure of proper supervision and proper training? How is a plaintiff supposed to know who is responsible for that unless he gets discovery? So why shouldn't that showing be enough to allow him to sue those high-ranking officers who generally have the responsibility for supervision and training? Your Honor, it is our contention that the allegations in the complaint are too general. I understand that. It's your allegation that a plaintiff will never have sufficient allegations because he'll never get to discovery. And I suggest to you that that's not the way the legal system is designed to work. Your Honor, he knows the culprit and he knew it before the complaint was dismissed.  It's not a question of the culprit. We're talking now about supervisory liability. And it's not as if he got the identity of the culprit on a timely basis. And we're operating in a context, a background context, of a one-year statute of limitations. Well, Your Honor, I would... How long after the incident occurred did he get the name of the culprit? I don't have the answer to that question. When did the incident... You don't know when the shooting occurred? Yeah, the shooting occurred in July of 2012. Of 2012. And he alleged that he obtained information in August of 2014. Okay, so that's two years. So if the plaintiff has to wait two years to even find out who the culprit is and sue the culprit and get him to discovery, he'll never be able to file a timely suit for supervisory liability. He could have asked the court for a stay and request further investigation in order to be able to supplement his allegations. And also, how can the former Secretaries of Justice, in light of the organic law of the Department of Justice, be liable or possibly be liable for training and supervising police officers? It is our contention that former Secretaries of Justice should not be liable either. We're talking about the alleged training and supervision of police officers. The organic law of the Department of Justice doesn't provide for that. Thank you. Thank you.